**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ABBOTT LABORATORIES and ABBOTT RESPIRATORY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | ) | C.A. No. 09-152-JJF |

**ANSWER**

The defendants, Lupin Pharmaceuticals, Inc. ("Lupin Pharma") and Lupin Limited ("Lupin Ltd.") (collectively the "Lupin Defendants"), by and through their attorneys, respond to the averments made in the numbered paragraphs of the complaint filed by the plaintiffs, Abbott Laboratories and Abbott Respiratory LLC (collectively "Abbott"), as follows:

**Nature of Action**

The allegations in this paragraph parallel the allegations in the numbered paragraphs of the complaint. Accordingly, the Lupin Defendants repeat and incorporate by reference their responses to the allegations in the numbered paragraphs of the complaint.

**Parties**

1. On information and belief, the Lupin Defendants admit the allegations in paragraph 1 of the complaint.

2. On information and belief, the Lupin Defendants admit the allegations in paragraph 2 of the complaint.

3. With respect to paragraph 3 of the complaint, the Lupin Defendants admit that Lupin Ltd. is a corporation organized and existing under the laws of India, with a place of business at Laxmi Towers, B Wing, Bandra Kurla Complex, Bandra (East), Mumbai, Maharashtra 400 051, India, and with its only places of business located in India; that Lupin Ltd. develops, manufactures, and markets pharmaceutical products, including generic pharmaceutical products; and that Lupin Pharma distributes pharmaceutical products, including generic pharmaceutical products. The Lupin Defendants deny the remaining allegations in paragraph 3 of the complaint.

4. With respect to paragraph 4 of the complaint, the Lupin Defendants admit that Lupin Pharma is a Virginia corporation and a wholly-owned subsidiary of Lupin Ltd.; that Lupin Pharma has a place of business at Harborplace Tower, 111 South Clavert Street, 21st Floor, Baltimore, Maryland 21202; and that Lupin Pharma markets and sells pharmaceutical products, including generic pharmaceutical products. The Lupin Defendants deny the remaining allegations in paragraph 4 of the complaint.

**Jurisdiction and Venue**

5. With respect to paragraph 5 of the complaint, the Lupin Defendants admit that this action arises under the patent laws of the United States and that Abbott purports to base subject-matter jurisdiction on 28 U.S.C. §§ 1331 and 1338(a). The Lupin Defendants deny engaging in any act that violates the patent laws of the United States, and specifically deny any act resulting in liability for patent infringement. Lupin Ltd. denies that venue is proper as to it in this case in this judicial district, but Lupin Pharma admits that venue is proper as to it in this case in this judicial district. The Lupin Defendants deny any remaining allegations in paragraph 5 of the complaint.

6. With respect to paragraph 6 of the complaint, the Lupin Defendants admit only that personal jurisdiction exists as to Lupin Pharma in this case in this judicial district. The Lupin Defendants deny the remaining allegations in paragraph 6 of the complaint.

7. With respect to paragraph 7 of the complaint, the Lupin Defendants admit the allegations in the first sentence, deny the allegations in the second sentence, and admit the allegations in the third sentence.

8. With respect to paragraph 8 of the complaint, the Lupin Defendants admit that, included in ANDA Nos. 90-446, 90-860, and 90-892, are letters from Lupin Ltd. that identify an employee of Lupin Pharma as the United States agent of Lupin Ltd for the respective ANDAs. Lupin Pharma admits that it maintains a website at www.lupinpharmaceuticals.com and that the referenced passage in paragraph 8 correctly quotes from this website. The Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in paragraph 8, and therefore deny these allegations. The Lupin Defendants deny any remaining allegations in paragraph 8 of the complaint.

9. The Lupin Defendants deny the allegations in paragraph 9 of the complaint.

10. With respect to paragraph 10 of the complaint, the Lupin Defendants admit only that a website states that the United States is "Lupin's largest market overseas." The Lupin Defendants deny the remaining allegations in paragraph 10 of the complaint.

11. With respect to paragraph 11 of the complaint, the Lupin Defendants admit only that Lupin Pharma's website indicates that Amerisource Bergen, Cardinal Health, and Walgreens are authorized distributors of Lupin Pharma. The Lupin Defendants deny the remaining allegations in paragraph 11 of the complaint.

12. With respect to paragraph 12 of the complaint, the Lupin Defendants admit only that Lupin Pharma's website indicates that Happy Harry's, 326 Ruthar Drive, Newark, Delaware, is an authorized distributor of Lupin Pharma and that Lupin Pharma's website indicates that Happy Harry's is a Walgreen's Pharmacy. The Lupin Defendants deny the remaining allegations in paragraph 12 of the complaint.

13. The Lupin Defendants deny the allegations in paragraph 13 of the complaint, but admit that Lupin Ltd. manufactures a Suprax® brand drug product and that Lupin Pharma sells a Suprax® brand drug product.

14. The Lupin Defendants deny the allegations in paragraph 14 of the complaint, but admit that Lupin Ltd. manufactures a Prinzide® generic drug product and that Lupin Pharma sells a Prinzide® generic drug product.

15. The Lupin Defendants deny the allegations in paragraph 15 of the complaint, but admit that Lupin Ltd. manufactures a Zocor® generic drug product and that Lupin Pharma sells a Zocor® generic drug product.

16. The Lupin Defendants deny the allegations in paragraph 16 of the complaint, but admit that Lupin Ltd. manufactures a Keppra® generic drug product and that Lupin Pharma sells a Keppra® generic drug product.

17. With respect to paragraph 17 of the complaint, the Lupin Defendants admit that Lupin Pharma has entered into a multi-year agreement for the AeroChamber Plus® line of products with Forest Laboratories, Inc. and that Lupin Pharma has agreed to use its 50-person sales force to promote this product to pediatricians in the United States. The Lupin Defendants deny the remaining allegations in paragraph 17 of the complaint.

18. With respect to paragraph 18 of the complaint, the Lupin Defendants admit only that they have not contested personal jurisdiction in this judicial district in the two cases cited in paragraph 18. The Lupin Defendants deny the remaining allegations in paragraph 18 of the complaint.

19. With respect to paragraph 19 of the complaint, the Lupin Defendants admit only that they have asserted counterclaims in the two cases cited in paragraph 19. The Lupin Defendants deny the remaining allegations in paragraph 19 of the complaint.

20. The Lupin Defendants deny the allegations in paragraph 20 of the complaint.

21. The Lupin Defendants deny the allegations in paragraph 21 of the complaint.

**Patents in Suit**

22. With respect to paragraph 22 of the complaint, the Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding patent ownership, patent licensing, and entitlement to obtain relief for patent infringement, and therefore deny these allegations. The Lupin Defendants admit the allegations in the second sentence of paragraph 22. The Lupin Defendants deny that U.S. Patent No. 6,129,930 ("the '930 patent") was duly and legally issued and deny that the '930 patent is valid and enforceable. The Lupin Defendants deny any remaining allegations in paragraph 22 of the complaint.

23. With respect to paragraph 23 of the complaint, the Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding patent ownership, patent licensing, and entitlement to obtain relief for patent infringement, and therefore deny these allegations. The Lupin Defendants admit the allegations in the second sentence of paragraph 23. The Lupin Defendants deny that U.S. Patent No. 6,406,715 ("the '715

patent") was duly and legally issued and deny that the '715 patent is valid and enforceable. The Lupin Defendants deny any remaining allegations in paragraph 23 of the complaint.

24. With respect to paragraph 24 of the complaint, the Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding patent ownership, patent licensing, and entitlement to obtain relief for patent infringement, and therefore deny these allegations. The Lupin Defendants admit the allegations in the second sentence of paragraph 24. The Lupin Defendants deny that U.S. Patent No. 6,676,967 ("the '967 patent") was duly and legally issued and deny that the '967 patent is valid and enforceable. The Lupin Defendants deny any remaining allegations in paragraph 24 of the complaint.

25. With respect to paragraph 25 of the complaint, the Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding patent ownership, patent licensing, and entitlement to obtain relief for patent infringement, and therefore deny these allegations. The Lupin Defendants admit the allegations in the second sentence of paragraph 25. The Lupin Defendants deny that U.S. Patent No. 6,746,691 ("the '691 patent") was duly and legally issued and deny that the '691 patent is valid and enforceable. The Lupin Defendants deny any remaining allegations in paragraph 25 of the complaint.

26. With respect to paragraph 26 of the complaint, the Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding patent ownership, patent licensing, and entitlement to obtain relief for patent infringement, and therefore deny these allegations. The Lupin Defendants admit the allegations in the second sentence of paragraph 26. The Lupin Defendants deny that U.S. Patent No. 7,011,848 ("the '848 patent") was duly and legally issued and deny that the '848 patent is valid and enforceable. The Lupin Defendants deny any remaining allegations in paragraph 26 of the complaint.

27. With respect to paragraph 27 of the complaint, the Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding patent ownership, patent licensing, and entitlement to obtain relief for patent infringement, and therefore deny these allegations. The Lupin Defendants admit the allegations in the second sentence of paragraph 27. The Lupin Defendants deny that U.S. Patent No. 6,818,229 ("the '229 patent") was duly and legally issued and deny that the '229 patent is valid and enforceable. The Lupin Defendants deny any remaining allegations in paragraph 27 of the complaint.

28. With respect to paragraph 28 of the complaint, the Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding patent ownership, patent licensing, and entitlement to obtain relief for patent infringement, and therefore deny these allegations. The Lupin Defendants admit the allegations in the second sentence of paragraph 28. The Lupin Defendants deny that U.S. Patent No. 6,080,428 ("the '428 patent") was duly and legally issued and deny that the '428 patent is valid and enforceable. The Lupin Defendants deny any remaining allegations in paragraph 28 of the complaint.

29. With respect to paragraph 29 of the complaint, the Lupin Defendants admit the allegations in the first and third sentences. The Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, and therefore deny these allegations.

**Infringement by Lupin Ltd. and Lupin Pharma**

30. With respect to paragraph 30 of the complaint, the Lupin Defendants admit the allegations in the first sentence. The Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, and therefore deny these allegations.

31. With respect to paragraph 31 of the complaint, the Lupin Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because the phrase "corresponding components of NIASPAN®" is undefined and unclear, and therefore the Lupin Defendants deny the allegations in this paragraph.

32. The Lupin Defendants admit the allegations in paragraph 32 of the complaint.

33. The Lupin Defendants admit the allegations in paragraph 33 of the complaint.

**Count I (Infringement of the '930 Patent)**

34. The Lupin Defendants repeat and reallege their responses in paragraphs 1 to 32 and incorporate them by reference herein.

35. The Lupin Defendants deny the allegations in paragraph 35 of the complaint.

36. The Lupin Defendants deny the allegations in paragraph 36 of the complaint.

37. The Lupin Defendants deny the allegations in paragraph 37 of the complaint, but admit that they knew about the referenced patent before filing the referenced ANDAs.

38. The Lupin Defendants deny the allegations in paragraph 38 of the complaint.

**Count II (Infringement of the '715 Patent)**

39. The Lupin Defendants repeat and reallege their responses in paragraphs 1 to 37 and incorporate them by reference herein.

40. The Lupin Defendants deny the allegations in paragraph 40 of the complaint.

41. The Lupin Defendants deny the allegations in paragraph 41 of the complaint.

42. The Lupin Defendants deny the allegations in paragraph 42 of the complaint, but admit that they knew about the referenced patent before filing the referenced ANDAs.

43. The Lupin Defendants deny the allegations in paragraph 43 of the complaint.

**Count III (Infringement of the '967 Patent)**

44. The Lupin Defendants repeat and reallege their responses in paragraphs 1 to 42 and incorporate them by reference herein.

45. The Lupin Defendants deny the allegations in paragraph 45 of the complaint.

46. The Lupin Defendants deny the allegations in paragraph 46 of the complaint.

47. The Lupin Defendants deny the allegations in paragraph 47 of the complaint, but admit that they knew about the referenced patent before filing the referenced ANDAs.

48. The Lupin Defendants deny the allegations in paragraph 48 of the complaint.

**Count IV (Infringement of the '691 Patent)**

49. The Lupin Defendants repeat and reallege their responses in paragraphs 1 to 47 and incorporate them by reference herein.

50. The Lupin Defendants deny the allegations in paragraph 50 of the complaint.

51. The Lupin Defendants deny the allegations in paragraph 51 of the complaint.

52. The Lupin Defendants deny the allegations in paragraph 52 of the complaint, but admit that they knew about the referenced patent before filing the referenced ANDAs.

53. The Lupin Defendants deny the allegations in paragraph 53 of the complaint.

**Count V (Infringement of the '848 Patent)**

54. The Lupin Defendants repeat and reallege their responses in paragraphs 1 to 52 and incorporate them by reference herein.

55. The Lupin Defendants deny the allegations in paragraph 55 of the complaint.

56. The Lupin Defendants deny the allegations in paragraph 56 of the complaint.

57. The Lupin Defendants deny the allegations in paragraph 57 of the complaint, but admit that they knew about the referenced patent before filing the referenced ANDAs.

58. The Lupin Defendants deny the allegations in paragraph 58 of the complaint.

**Count VI (Infringement of the '229 Patent)**

59. The Lupin Defendants repeat and reallege their responses in paragraphs 1 to 57 and incorporate them by reference herein.

60. The Lupin Defendants deny the allegations in paragraph 60 of the complaint.

61. The Lupin Defendants deny the allegations in paragraph 61 of the complaint.

62. The Lupin Defendants deny the allegations in paragraph 62 of the complaint, but admit that they knew about the referenced patent before filing the referenced ANDAs.

63. The Lupin Defendants deny the allegations in paragraph 63 of the complaint.

**Count VII (Infringement of the '428 Patent)**

64. The Lupin Defendants repeat and reallege their responses in paragraphs 1 to 62 and incorporate them by reference herein.

65. The Lupin Defendants deny the allegations in paragraph 65 of the complaint.

66. The Lupin Defendants deny the allegations in paragraph 66 of the complaint.

67. The Lupin Defendants deny the allegations in paragraph 67 of the complaint, but admit that they knew about the referenced patent before filing the referenced ANDAs.

68. The Lupin Defendants deny the allegations in paragraph 68 of the complaint.

**Defenses**

Further responding to the complaint, and without any admission as to the burden of proof or as to any of the averments in the complaint, the Lupin Defendants set forth the following defenses:

**First Defense**
**(Noninfringement of the Patents in Suit)**

The '930, '715, '967, '691, '848, '229, and '428 patents' claims do not, either literally or under the doctrine of equivalents, cover Lupin's generic versions of NIASPAN® drug products or any methods of using Lupin's generic versions of NIASPAN® drug products. Thus, Lupin has not infringed and will not infringe any of the '930, '715, '967, '691, '848, '229, and '428 patents by making, using, selling, offering for sale, marketing, or importing any drug products according to ANDA No. 90-446, ANDA No. 90-860, or ANDA No. 90-892.

**Second Defense**
**(Invalidity of the Patents in Suit)**

The '930, '715, '967, '691, '848, '229, and '428 patents and all their claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

**Third Defense**
**(Lack of Personal Jurisdiction)**

Lupin Ltd. denies that personal jurisdiction exists as to it in this case in this judicial district.

**Fourth Defense**

**(Improper Venue)**

Lupin Ltd. denies that venue is proper as to it in this case in this judicial district.

                                          YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Megan C. Haney

Karen L. Pascale (No. 2903)
Megan C. Haney (No. 5016)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
*kpascale@ycst.com*
*mhaney@ycst.com*

*Attorneys for Defendants, Lupin Limited and Lupin Pharmaceuticals, Inc.*

DATED: March 26, 2009

*Of Counsel:*
Barry S. White, Esq.
Steven M. Amundson, Esq.
**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

**CERTIFICATE OF SERVICE**

I, Megan C. Haney, Esquire, hereby certify that on March 26, 2009, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington , DE 19899

I further certify that on March 26, 2009, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

William F. Lee, Esquire
Hollie L. Baker, Esquire
Vinita Ferrera, Esquire
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Megan C. Haney (No. 5016)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
mhaney@ycst.com